25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan ARTEAGA-GODINEZ, Defendant-Appellant.
 No. 93-2249.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals his conviction for possession with intent to distribute more than fifty grams of marijuana, alleging two counts of reversible error. First, Defendant contends that the district court abused its discretion in denying his motion for a mistrial. Defendant argues that the district court should have granted his motion for a mistrial because the court incorrectly admitted testimony from a police officer indicating that Defendant had made a statement during the investigation that the police officer interpreted as "arrogant." Even if Defendant is correct that the prejudicial effect of this testimony outweighed its probative value, the admission of this testimony was undoubtedly harmless error in light of all the other evidence. Next, Defendant contends that the district court erred in refusing to grant a downward adjustment for being a "minor participant." The only probative evidence indicating that Defendant was a mere courier in the operation was Defendant's own testimony. Apparently disbelieving Defendant's testimony, the district court found that Defendant was a "full participant." This finding was not clearly erroneous.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470